91 F.3d 153
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marjorie MAURI, Plaintiff-Appellant,
v.
GENERAL ELECTRIC PLASTICS, A DIVISION OF GENERAL ELECTRIC
CORPORATION, Defendant-Appellee.
 No. 95-56139.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Marjorie Mauri appeals pro se the district court's dismissal of her action against her former employer, General Electric Plastics ("GE Plastics"), concerning her exposure to toxic fumes while operating a photocopy machine. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Mauri contends that the district court erred by setting aside an entry of default against GE Plastics because GE Plastics failed to show good cause pursuant to Fed.R.Civ.P. 55(c). This contention lacks merit.
 
 
 4
 We review the district court's order setting aside an entry of default for abuse of discretion. See O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir.1994), cert. denied, 115 S.Ct. 1367 (1995).
 
 
 5
 The district court may set aside an entry of default for good cause. See Fed.R.Civ.P. 55(c). Here, GE Plastics has demonstrated good cause because, contrary to Mauri's contention, GE Plastics filed a timely response to her complaint which clearly indicated its intent to defend the action. Cf. Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc., 840 F.2d 685, 689 (9th Cir.1988). Accordingly, the district court did not abuse its discretion in setting aside the entry of default. See O'Connor, 27 F.3d at 364.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3